IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK EUGENE FUEHRER,<br><br>Defendant. | Case No. 1:15CR01016-LRR<br><br>DEFENDANT'S BRIEF<br>IN SUPPORT OF<br>MOTION TO SUPPRESS |

COMES NOW the Defendant, Mark Eugene Fuehrer, by and through counsel, Dennis E. McKelvie, and submits the following brief in support of his Motion to Suppress.

## TABLE OF CONTENTS

STATEMENT OF FACTS ................................................................................ 2

ARGUMENT .................................................................................................... 4

I.  Law Enforcement's Stop of Defendant's Vehicle Was A Pretext Stop That Lacked Probable Cause. ................................................................................... 4

II. The Dog Sniff Search of The Vehicle Constituted An Illegal Search And Seizure. ............................................................................................................ 5

CONCLUSION ................................................................................................. 7

1

# STATEMENT OF FACTS

According to discovery provided to the Defendant, in December of 2014, law enforcement in Dubuque, Iowa received information that indicated the Defendant, Mark Eugene Fuehrer, was involved in the distribution of methamphetamine. During the months of December 2014 and January 2015, law enforcement applied for, and received judicial authorization on, several warrants allowing officers to affix Global Positioning Devices (GPS), to three vehicles registered to Defendant, Mark Eugene Fuehrer. Pursuant to the warrants, law enforcement placed the GPS devices on the vehicles and monitored the information from the devices. Law enforcement removed the three tracking devices on January 2, 2015, January 11, 2015, and January 14, 2015, respectively.

On January 11, 2015, law enforcement monitored the GPS information and based on that tracking information "discussed the possibility" that the Defendant might be transporting methamphetamine in his vehicle that evening. It was discussed that if the Defendant drove to co-defendant Lawrence's residence in Monticello, IA, as revealed by the GPS, "officers would attempt to conduct a traffic stop on [Fuehrer's] vehicle on his way back to Dubuque in an effort to investigate the possibility of his transporting controlled substances at that time." Mr. Fuehrer did drive to Monticello that evening, and on his return trip, law enforcement stopped his vehicle. (Division of Narcotics Enforcement Synopisis)

2

Case 2:15-cr-01016-LRR   Document 18-1   Filed 07/29/15   Page 2 of 8

At approximately 10:08 p.m., Deputy Adam Williams of the Dubuque County Sheriff's Office was running stationary radar on Highway 151 near Simon Road. At approximately that time Deputy Williams observed Fuehrer's vehicle traveling at sixty-six miles per hour (66 mph) in a sixty-five mile per hour (65 mph) zone. Deputy Williams initiated a traffic stop on Fuehrer's vehicle […] Deputy Williams issued a warning for the traffic violation. While Deputy Williams spoke with Fuehrer, Deputy Kearney of the Dubuque County Sheriff's Office deployed his K-9, Odim, to conduct a free air sniff around Fuehrer's vehicle. The canine gave a positive indication for the presence of controlled substance(s) in Fuehrer's vehicle.

(Sheriffs arrest report)

During the search of Fuehrer's vehicle, law enforcement found one plastic baggy containing suspected methamphetamine inside the vehicle. Subsequent testing of the contents of the bag revealed that the bag contained 28.8 grams, gross weight, of methamphetamine.

Mr. Fuehrer now submits his Motion to Suppress, arguing that his Fourth Amendment rights against unreasonable search and seizure were violated during the stop and search of his vehicle on January 11, 2015. Any evidence gathered as a result of the constitutional violations must be suppressed in accordance with the exclusionary rule.

## ARGUMENT

I. **Law Enforcement's Stop of Defendant's Vehicle Was A Pretext Stop That Lacked Probable Cause.**

Pre-textual traffic stops are a violation of the Fourth Amendment. United States v. Eldridge, 984 F.2d 943, 948 (8th Cir. 1993)(citing United States v. Portwood, 857 F.2d 1221, 1223 (8th Cir. 1988)). If an officer observes a traffic offense, even a minor one, he has probable cause to stop a vehicle. United States v. Cummins, 920 F.2d 498, 500 (8th Cir. 1990). To determine whether a traffic stop was for probable cause or was merely pre-textual, the court must make "an objective assessment of the officer's action in light of the facts and circumstances then known to him." Eldridge, 984 F.2d at 948 (citing Scott v. United States, 436 U.S. 128, 137 (1978)).

Defendant Fuehrer submits that in this case, there is no credible evidence that a traffic violation occurred. The police used a stationary radar gun to follow Fuehrer's speed at 66 mph in a 65 mph zone. Common knowledge, police knowledge, as well as information provided by the National Highway Safety Administration (NHTSA), tell us that there is a standard deviation on radar devices that is at least +/- 1 mph. The deputy who stopped the Defendant for the alleged 1 mph over violation could not say with any certainty that he had probable cause to believe that the Defendant was violating any traffic laws. Indeed, when the stop was

made, the Defendant was given a warning on the supposed traffic violation so that law enforcement could proceed with the real work of performing a warrantless search on Fuehrer's vehicle.

Law enforcement made the decision to stop the Defendant on January 11, 2015 regardless of any actual driving infraction. The stop was a pretext for detaining the vehicle for a dog-sniff search and constituted an illegal search and seizure in violation of the Fourth Amendment. Under Wong Sun v. United States, any evidence, including physical evidence and statements made by the defendant, which were gathered based on an illegal search are 'fruits of the poisonous tree' and must be suppressed. 371 U.S. 471, 484-87 (1963). Therefore, any evidence gathered from the search of the Defendant's vehicle, as well as any search warrant obtained based on the fruits of that search, are illegal and should properly be suppressed.

II. **The Dog Sniff Search of The Vehicle Constituted An Illegal Search And Seizure.**

Regardless of whether the police officer was justified in stopping the Defendant for a 1mph over speeding infraction, a seizure for a traffic violation justifies a police investigation of only that violation, not more. Rodriguez v. United States, 575 U.S. ___ (2015). The authority for the seizure ends when tasks tied to the traffic infraction are, or reasonably should have been, completed. Id. A dog sniff is not an ordinary incident of a traffic stop because there is no connection between a

5

dog sniff and roadway safety. Id. Unless there is a reasonable suspicion of some other crime, officers cannot use a traffic stop as a subterfuge for bonus police investigation. Id. This includes prolonging a traffic stop, for any length of time, for the purpose of performing a dog-sniffing drug search. Id.

Further, the police suspecting that the target of a traffic stop might possess a controlled substance is not a valid excuse to search a vehicle without a warrant. In Arizona v. Gant, law enforcement received a tip that Gant might be in possession of cocaine. 556 U.S. 332 (2009). Law enforcement made a traffic stop on Gant and arrested him for driving on a suspended license. Id. Law enforcement then searched Gant's vehicle and located cocaine. Id. However, the United States Supreme Court ruled that the vehicle search was an unconstitutional warrantless search. Id. The police investigation in a traffic stop is limited to investigation of the offense for which the defendant was stopped. Id.

In the present case, the only articulated reason for the police stop was that the Defendant was possibly speeding by 1 mph. While there was a parallel investigation by the drug task force, the officer who stopped the Defendant was not part of the drug task force. The drug task force did not have probable cause to stop the Defendant, nor did they have probable cause to arrest him, because if they did, presumably they would have obtained a warrant as required by the Fourth Amendment. The stop of the Defendant in this case was a fishing expedition using

a pre-textual stop. This is exactly the kind of police seizure that is prohibited by the constitution.

The facts in this case are quite similar to <u>Gant</u> in that the police "discussed the possibility" that there could be contraband found in the defendant's vehicle. <u>Arizona v. Gant</u>, 556 U.S. 332 (2009). However, a "possibility" does not equal probable cause or even a reasonable suspicion. Defendant Fuehrer submits that the stop and dog-sniff search in his case was not supported by probable cause and that the police detaining him to effect a dog-sniff search was outside the investigation necessary to handle a 1mph speeding case. The stop was clearly pre-textual and therefore illegal.

The remedy for constitutional violations such as this is to suppress the evidence. The Defendant in this case respectfully requests that the Court find that the search and seizure in this case was a warrantless intrusion on his Fourth Amendment right to privacy.

## CONCLUSION

WHEREFORE, the defendant, Mr. Fuehrer, respectfully requests that the court set this matter for hearing, and after the hearing, grant this Motion to Suppress the evidence gathered in violation of the constitution in this case.

Respectfully submitted,

Dennis E. McKelvie
McKelvie Law Office
P.O. Box 213
Grinnell, IA  50112
Phone:  (641) 236-6631
Fax:     (641) 236-8449
E-Mail: dsmckel@gmail.com


By:     /s/Dennis E. McKelvie
       _____
       Dennis E. McKelvie
       Attorney for Defendant
       Mark Eugene Fuehrer


Service on all parties by ECF July 29, 2015